UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00185-LLK

SONYA B.                                                                                                                    PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  The fact and law summaries of the parties are at Doc. 11 and 13.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [Doc. 7].

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Plaintiff's disability claim

In January 2018, Plaintiff was a registered nurse who worked in the Marshall County Hospital emergency room (ER).  [Doc. 11 at PageID.1481].  On January 23, 2018, a shooting occurred at Marshall County High School, which resulted in the deaths of two students.  *Id.* at 1475.  The students were members of the band, as Plaintiff's son had been.  *Id.*  Another student, whom Plaintiff knew, attempted to take her life and received treatment from Plaintiff in the ER but ultimately died.  *Id.*  On February 6, 2018, the ER was conducting a fire drill, and the fire alarm went off.  *Id.* at 1475-76, 1481.  Plaintiff was unable to control her fear and panic, was asked to leave, went home, had a breakdown, and never returned to work.  *Id.*  On April 25, 2018, a counselor at Mercy Behavioral Health in Paducah, Kentucky, found Plaintiff to be acutely psychotic, and Plaintiff was involuntarily hospitalized at Mercy Hospital for

1

72 hours. *Id.* Plaintiff alleges disability due to post traumatic stress disorder (PTSD) and other mental impairments.

**The ALJ's decision**

On November 24, 2020, the ALJ issued the Commissioner's final decision. [Administrative Record, Doc. 6 at 192-203]. The ALJ found that Plaintiff has not been under a disability from February 6, 2018, when she alleges that she became disabled, through November 24, 2020.

The ALJ analyzed Plaintiff's disability claim pursuant to the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 6, 2018. *Id.* at 195.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: post-traumatic stress disorder (PTSD), anxiety, bipolar disorder, attention deficit hyperactivity disorder (ADHD), and thyroid gland disorder. *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.*

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding her severe thyroid gland disorder, Plaintiff can perform medium work and that, notwithstanding her, severe PTSD and other mental impairments, she:

> ... can understand, remember, and carry out simple, routine tasks and maintain the concentration, persistence, and pace for the completion of these tasks in 2 hour segments throughout the 8 hour workday ... can occasionally interact with supervisors and coworkers but should not interact with the general public ... should not work at a production-based job ... [a]ny changes in the routine work setting should be rare or gradually introduced.

*Id.* at 196.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 201.

Fifth, the ALJ found that Plaintiff retains the ability to perform a significant number of unskilled, medium jobs in the national economy such as hand packager, laundry worker, and clean up worker. *Id.* at 202.

### Plaintiff's second argument is unpersuasive.

This Opinion will analyze Plaintiff's second argument first. Plaintiff's second argument is that "[t]he Defendant erroneously failed to evaluate new evidence submitted to the Appeals Council." [Doc. 11 at PageID.1482].

Present counsel began representing Plaintiff on appeal of the ALJ's November 24, 2020, decision to the Appeals Council. Plaintiff obtained and submitted new evidence to the Appeals Council in support of Plaintiff's disability claim.

In February 2021, Plaintiff's treating physician, Louis Forte, M.D., gave medical opinions in support of her disability claim. Dr. Forte explained that:

> To whom it may concern,
>
> I have known Sonya Beckner as an ER nurse for 10 years. Approximately 4 years ago she had a nervous breakdown in the ER, after the high school shooting. She went to counseling and was diagnosed with PTSD and admitted to a psychiatric unit. Her diagnosis of PTSD was confirmed and she was also diagnosed with bipolar disease. Since then she has continued to go to counseling.
>
> I saw Sonya in the office 07-22-2020. At that time she experienced anxiety and sleep deprivation and inattention. We started her on medication with improvement of symptoms. She now is able to sleep and can accomplish most activities of daily living.
>
> On evaluation she still has trouble concentrating and paying attention. She tells me she cannot interact with anyone but family and gets anxiety even going to Walmart.
>
> I believe she will not be able to work with her social anxiety, PTSD, and bipolar disease. Even now the sounds of police sirens, ambulances, and fire alarms causes her to have severe emotional reactions.

[Doc. 6 at 8]. Additionally, Dr. Forte completed the Medical Source Statement of Mental Abilities for Work Activities form, opining that Plaintiff is:

> 1. Markedly limited in her ability to understand, remember, or apply information.

      2. Extremely limited in her ability to interact with others.

      3. Markedly limited in her ability to concentrate, persist, or maintain pace.

      4. Markedly limited in her ability to adapt or manage oneself.

Id. at 10-11.[1]

In October 2021, the Appeals Council declined to disturb the ALJ's decision, finding, among other things, that Dr. Forte's medical opinions do not relate to the period at issue:

> You submitted medical evidence from Dr. Louis Forte from February … 2021 (4 pages) [Doc. 6 at 8-11]. The [ALJ] decided your case through November 24, 2020. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 24, 2020.

*Id.* at 2.

42 U.S.C. § 405(g), sentence six provides that:

> The court may … at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g).

Evidence is "material" only if there is "a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Caudill v. Comm'r of Soc. Sec.*, No. 4:20-CV-00152-JHM, 2022 WL 526236, at *4 (W.D. Ky. Feb. 22, 2022) (quoting *Ferguson v. Comm'r*, 628 F.3d 269, 276 (6th Cir. 2010)).

---

[1] Dr. Forte further opined that Plaintiff is:
1. Extremely limited in her abilities to: make simple work-related decisions, complete a normal workday and workweek without interruptions form psychologically based symptoms, deal with normal work stress, and travel in unfamiliar places or use public transportation; and
2. Markedly limited in her abilities to: maintain attention and concentration for two hour segments, work in coordination with or proximity to others without being distracted by them, work a consistent pace without an unreasonable number and length of rest periods, interact appropriate with the general public, get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness, respond appropriately to usual work situations and to change sin a routine work setting, and set realistic goals or make plans independently of others. [Doc. 6 at 9].

When the new evidence existed at the time of the ALJ's decision, "good cause" is demonstrated by showing "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Id.* (quoting *Foster v. Comm'r*, 279 F.3d 348, 357 (6th Cir. 2001)). However, when (as in the present case), the new evidence did not exist at the time of the ALJ's decision, the issue becomes whether there was "good cause" for not sooner obtaining and submitting equivalent or similar evidence to the ALJ for consideration. In such cases, "good cause" is present if the new evidence arises from "continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Id.* (quoting *Koulizos v. Sec'y of Health & Human Servs.*, No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986)).

Here, there was no "good cause" because Dr. Forte's medical opinions did not arise from continued medical treatment. Rather, they appear to have been generated for purposes of establishing Plaintiff's disability claim.[2]

**Plaintiff's first argument is unpersuasive.**

Plaintiff's first argument is that "[t]he ALJ's finding number 4 [at Step 3 of the sequential evaluation process] is not supported by substantial evidence in that the Plaintiff has an impairment that meets the severity of one of the listed impairments under the regulations." [Doc. 11 at PageID.1478]. Specifically, Plaintiff argues that her mental impairments satisfy the medical criteria of Listing 12.04 (depressive, bipolar and related disorders). [Doc. 11 at PageID.1480]. The so-called "B criteria" of Listing 12.04 require two marked limitations or one extreme limitation in a claimant's abilities to: (1) Understand, remember, or apply information; (2) Interact with others; (3) Concentrate, persist, or maintain pace; and (4) Adapt or manage one's self. The ALJ found Plaintiff's limitations in these areas to be moderate. [Doc. 6 at 195-96].

---

[2] This Opinion does not reach the issues of whether Dr. Forte's medical opinions relate to the period at issue (as the Appeals Council found) and whether they are "material" as contemplated by sentence 6 of 42 U.S.C. § 405(g).

As noted above, Dr. Forte opined that Plaintiff is limited as follows with respect to the B criteria: marked, extreme, marked, and marked (respectively).  Hence, acceptance of Dr. Forte's opinions arguably would require an ultimate finding that Plaintiff is disabled pursuant to Listing 12.04.  However, when (as here) the Appeals Council declines to disturb the ALJ's decision, judicial review is limited to the evidence that was before the ALJ.  *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).  To the extent Plaintiff relies on Dr. Forte's opinions as satisfying Listing 12.04, the argument is unpersuasive because those opinions were not before the ALJ.

In terms of evidence that was before the ALJ, Plaintiff relies on a report prepared by psychiatrist David Yuppa, M.D., as satisfying Listing 12.04.  Dr. Yuppa prepared his report on December 15, 2018.[3] [Doc. 6 at 1103-10].

Plaintiff's reliance on Dr. Yuppa's report is unpersuasive for four reasons.  First, Dr. Yuppa did not opine regarding Plaintiff's B-criteria limitations.  Second, Dr. Yuppa concluded that:

> The totality of the medical evidence presented for this review supports functional impairment due to PTSD and unspecified psychotic disorder during the timeframe of 2/7/18 through 9/18/18. Updated medical records are required to assess the claimant's functional capacity from 9/19/18 forward.

[Doc. 6 at 1107].  While Dr. Yuppa opined significant limitations during this closed seven-month period,[4] the opinions do not satisfy the 12-month duration requirement.  *See* 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months.  We call this the duration requirement.").  Third, Dr. Yuppa found evidence of improvement after Plaintiff's psychotic episode on April 25, 2018, and found that testing on September

---

[3] Plaintiff had, through her employment as a nurse, a long-term disability insurance policy.  The insurer hired an attorney to represent Plaintiff at the administrative hearing before the ALJ.  Additionally, the insurer hired Dr. Yuppa to evaluate Plaintiff's impairments and limitations.  This Opinion is unaware whether Plaintiff received or is receiving long-term disability benefits.

[4] Specifically, Dr. Yuppa opined that Plaintiff's symptoms "would be expected to restrict her ability to interact with others, be reliable and consistent, perform under time constraints, maintain pace and persistence, influence the activities of others, function in a team environment, and maintain a schedule."  [Doc. 6 at 1108].

2018, indicated improvement from a previous encounter. [Doc. 6 at 1109]. Fourth, the ALJ considered the medical evidence after September 19, 2018, and found that it supports the limitations stated in the ALJ's RFC determination. *Id.* at 200.

### Plaintiff's third argument is unpersuasive.

Plaintiff's third and final argument is that "[t]he ALJ's finding [at Step 2 of the sequential evaluation process] as to Plaintiff's severe impairments is not supported by substantial evidence." [Doc. 11 at PageID.1484]. Specifically, Plaintiff argues that, in addition to a severe, or vocationally significant, thyroid gland disorder, she suffers from a severe impairment of the right knee. *Id.* at 1485.

The ALJ found that:

> Medical records show the claimant had right knee swelling after falling on her knee when going over a baby gait. (See Ex. 1F). The undersigned is not persuaded the claimant has other physical severe impairments. The claimant has received no significant, ongoing treatment related to her knee. Medical records describe the claimant as having a normal gait and station. (Ex. 2F).

[Doc. 6 at 195].

Plaintiff's argument is unpersuasive for three reasons. First, while Plaintiff has experienced flare ups, which were treated with pain-reducing injections, there is a lack of evidence of a severe impairment satisfying the 12-month duration requirement. Second, although she carries the burden of proof at Step 2 of the sequential evaluation process, Plaintiff identifies no medical source opining limitation due to her right knee. Third, the ALJ was not required to find Plaintiff's complaints of limitation due to knee pain to be fully credible.

### ORDER

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

August 10, 2022

Lanny King, Magistrate Judge
United States District Court